Smith, J.
The petition in error in this case not having been filed’ within six months from the rendition of the judgment complained of, the question is made whether it was filed in time.
Part Third of the Revised Statutes, under the head, “ Remedial,” by secs. 6707 to 6740 of Title 4, provides as to “jurisdiction and procedure in error.” Sec. 6733 provides, that “ no proceedings to reverse, vacate or modify a judgment or final order shall be commenced, unless within six months after the rendition of the judgment, or the making ofthe final order complained of,” unless the person filing it has been under the disability mentioned therein. But these sections, evidently we think, refer to proceedings in error in civil actions and proceedings, as distinguished from criminal cases, not only from the use of the words “ action ” and “proceeding ” in sec. 6707, and for the reason that many of thh following sections *602 can apply only to such cases ; but for the further reason that by Part Four of the revision, under the general head “ Penal,” and which includes three separate titles, viz: Title 1, “ Crimes and Offenses;” Title 2, “ Criminal Procedure ;” and Title 3, “ Jails and the Penitentiary,” and chapter 8 of title 2, by secs. 7356 to 7367, special provision is made for the cases under that title in which error may be brought, and the mode in which it may be done is specifically pointed out, differing essentially, in many respects, from the mode in proceedings in error in civil cases. And in the code of criminal procedure in criminal cases, there is no section like sec. 6723 which limits the time in whioh error may be brought in civil cases.
Prior to the revision of the statutes in 1880, the Supreme Court in the case of Blackburn v. The State, 32 Ohio St. 581, held that the time for allowing writs of error in criminal cases under sec. 199 of the Code of Civil Procedure then in force, was not limited to three years, as in civil cases. At that time, (1872), sec. 523 of the Civil Code was substantially the same as sec. 6723 as it now stands, except that then the limitation was three years. And then, as now, the Code of Criminal Procedure fixed no limitation upon proceedings in error in criminal eases, (66 Ohio Laws, 317), and in the Blackburn case such proceeding was allowed eight years after sentence, and the judgment was reversed. Ve see nothing in the statutes as they now stand, to show that the decision of that case is not decisive of this. And the motion to dismiss the petition in error will be overruled.
2nd. Was there error in the proceedings or judgment? The indictment against the defendant contained four counts, and was predicated upon sec. 6946, Rev. Stat. The first count charged him with selling intoxicating liquors to one Gus Brierly, within two miles of thé place where a certain agricultural fair was being held. The second charged a like sale to Joel Ray. The third charged that the defendant did unlawfully sell intoxicating liquors fo divers persons whose names were *603 to the grand jurors unknown, within two miles of the place where the agricultural fair was being held; and the fourth was precisely similar to the third. This fourth count was abandoned, and at the trial the jury found the defendant not guilty as charged in the first, second and fourth counts, and guilty as charged in the third, and on this finding the judgment was rendered.
At the trial, the State with the view of proving the defendant guilty under the third count, offered evidence tending to show that on the day named in the indictment, the defendant, by his agent, had sold intoxicating liquors to various persons, whose names were not known to the witness, who was the barkeeper himself. He stated that on each of the five days of the fair, he had sold many glasses of beer, perhaps a hundred separate sales each day, but he professed to be ignorant of, and did not give the name of any person to whom he sold beer, nor did he in any way identify or point out any particular transaction, nor was this done by any evidence on the part of the State or of the defendant. At the close of the testimony in chief on the part of the State, the counsel of the defendant moved the court that the prosecuting attorney be required to elect on which one of the several sales as to which evidence was offered, tending to prove sales as alleged in the third count of the indictment, he would rely for a conviction thereon. This motion the court overruled, and refused to require such election, to which ruling the defendant then excepted.
It is the general rule that two distinct crimes or offenses cannot properly be joined in the same count of an indictment. Such joinder will be fatal on demurrer or motion to quash. 12 Ohio St. 157. But this count was not bad for duplicity— it charged the defendant with selling intoxicating liquors to divers persons, whose names were to the grand jurors unknown. But this may have been a joint sale to all, and therefore a single transaction. Gordon v. The State, 46 Ohio St. 626.
Patrick Oaynor, attorney for plaintiff in error.
Albert Anderson, prosecuting attorney, for defendant in error.
But when the State, under a count charging a single offense, offered evidence tending to show a large number of distinct offenses, it was clearly the duty of the court on the authority of 27 Ohio St. 563 and 30 Ohio St. 264, to have required the prosecutor to elect upon what particular transaction or sale he would rely for a conviction. He claimed that the State could not do this. This does not- alter the rule, or deprive the defendant of his right to know with what particular offense he is charged, so that he may have opportunity to disprove it. Of course, it is not necessary that the State should prove, under such a case, the name of the man or men to whom the sale was made; but it must be identified in some way when the election is made, or the defendant must be acquitted.
For the error of the court in overruling the motion, the judgment will be reversed.